7398

JENKINS v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—FREIGHT—PENALTY.—Delivery of a shipment with a portion missing is *prima facie* evidence of loss on terminal carrier, but where there is evidence tending to show the loss occurred on another carrier and the magistrate court and the Circuit Court find against this view this Court cannot interfere.

2. BAR.—Payment, after suit brought, of claim for damages to freight to an agent of claimant not authorized to accept it, neither party knowing the claim was in suit, is not a bar to the action.

Before WILSON, J., Sumter, July, 1908. Affirmed.

Action by R. M. Jenkins against Atlantic Coast Line Railroad Company. From judgment on Circuit affirming judgment of Magistrate H. L. B. Wells, defendant appeals.

*Messrs. P. A. Willcox, Mark Reynolds* and *Lucian W. McLemore,* for appellant.

*Messrs. Lee & Moise,* contra.

November 30, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   An action was brought before a magistrate in Sumter county to recover seven dollars and ten cents, the value of three pairs of shoes alleged to have been lost while in defendant's possession, and joined therewith was an action for fifty dollars penalty for not adjusting the claim, as required by statute.

On the hearing before this Court the appellant, for the first time, raised the question that the magistrate was without jurisdiction to try the action for the penalty.

This question is concluded by the decision in the case of the same plaintiff against the same defendant, in the action for the statutory penalty for failure to settle the claim for the loss of fourteen barrels of flour, which has just been filed.

It is not contested that the magistrate had jurisdiction in the action for damages.   With respect to the exceptions to the judgment for damages, appellant confines his argument to two questions :

First. It is contended that there was no evidence to show that the shoes were lost while in the possession of the defendant.   There. was testimony that when the shipment was delivered three pairs of shoes were missing. This was *prima facie* evidence that the loss occurred while the shipment was in the possession of the terminal carrier.   *Charles* v. *R. R.,* 78 S. C., 38, 58 S. E., 927.

Notwithstanding the defendant offered testimony that the loss occurred before the goods reached its line, it was for the trial court to determine the credibility and sufficiency of the testimony as against the presumption, and the magistrate and Circuit Court having determined the fact against appellant, this Court cannot interfere.

Second. The main defense relied upon by defendant was an alleged voluntary payment, as settlement of the claim for damages. There was testimony that after suit was brought defendant's agent at St. Charles called at plaintiff's store on 13th September, 1907, and paid seven dollars and ten cents to an agent of plaintiff, who was authorized to collect and receipt for such claims as were not in suit. Plaintiff's agent gave a receipt for the money, in settlement of the claim, but at the same time neither plaintiff's agent nor defendant's agent knew that the claim was in suit. The claim was filed on the 18th February, 1907, and no interest and no costs were tendered or received. On 5th October, 1907, two days before the trial, plaintiff's agent sent to defendant's agent his check for the amount paid, which was returned to plaintiff on the ground that the agent had no authority to receive it.

Under this testimony the magistrate and Circuit Court have found that plaintiff's agent had no authority to settle the claim in suit. There was, therefore, no error of law in the refusal to nonsuit the plaintiff and to give judgment in favor of defendant. The case of *Levister* v. *Ry.* does not apply to the facts of this case.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE JONES *and* MR. JUSTICE WOODS *concur under the authority of Jenkins v. R. R., just filed by the Supreme Court en banc.*